In the Matter of LOUIS SARITSKY, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 22, 1959.

*George G. Hunter, Jr.,* of counsel (*Frank H. Gordon,* attorney), for petitioner.

*Jerome I. Hyman* for respondent.

*Per Curiam.* Respondent, who has been a member of the Bar for 30 years, was the holder of a collision policy with Travelers Insurance Company and falsely represented to the company that he was involved in a collision on August 10, 1954 with a car belonging to Francis Castoro at or near 26th Street and Eleventh Avenue, New York City, in which both cars were badly damaged. As a result the company paid Castoro $1,695 and respondent $1,523.80.

Respondent was indicted for grand larceny, presenting false proofs of loss in support of a claim upon a policy of insurance,

and conspiracy. He pleaded guilty to conspiracy and received a suspended sentence.

The Referee in his report found the respondent guilty of all charges set forth in the petition except that he had in fact committed grand larceny, stating that in his opinion such a finding would be improper absent a jury finding of criminal intent. We believe that all the charges, including the charge that respondent had in fact committed grand larceny, should be sustained. The criminal intent was clear and the amount in question undisputed. The Referee has characterized respondent's actions as gross professional misconduct and in that conclusion we concur.

This respondent has been the subject of previous disciplinary proceedings as a result of which he was suspended from practice for six months by order of this court entered on March 17, 1953 (281 App. Div. 357) and reinstated by order of this court entered on October 13, 1953 (282 App. Div. 861). In that proceeding, acting on behalf of a landlord, respondent had talked a tenant into vacating an apartment. He falsely represented to the tenant, who was under a contract to vacate but apparently wished to contest the legality of that contract, that if he would move out temporarily but completely so as to decontrol the apartment, he could then move back in at a higher rental. This court in that proceeding confirmed the report of the Referee finding the defendant guilty of professional misconduct, remarking that the Referee had " found that the evidence as well as respondent's admissions demonstrated conclusively that it was respondent who was responsible for a fraudulent scheme and trickery to get the tenant to vacate and that the effort to place part of the blame on others did respondent no credit." As in the instant case respondent admitted that charge but attempted to blame others for his predicament.

Although respondent co-operated with the authorities and made restitution after the matter came to the attention of the District Attorney, we believe his conduct has been such as to render him unfit to be a member of the legal profession. Accordingly, respondent should be disbarred.

BOTEIN, P. J., BREITEL, VALENTE, McNALLY and BERGAN, JJ., concur.

Respondent disbarred.